ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA 2006 AUG -3 AM 8: 29

AUGUSTA DIVISION

CLERK _____
SO. DIST. OF GA.

MARY L. PERRIN,                          )
                                         )
        Plaintiff,                       )
                                         )
    v.                                   )    CV 105-105
                                         )
JO ANNE B. BARNHART, Commissioner        )
of Social Security Administration,       )
                                         )
        Defendant.                       )

---

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

Mary L. Perrin ("Plaintiff") appeals the decision of the Commissioner of Social Security ("Commissioner") denying her application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act.  Upon consideration of the briefs submitted by both parties, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS** that the Commissioner's final decision be **AFFIRMED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of the Commissioner.

### I. BACKGROUND

Based on claims of disability dating back to May 1, 2001, Plaintiff applied for disability benefits on June 21, 2001. Tr. ("R"), pp. 19, 52-54. Plaintiff alleged disability due to psychological problems, stroke, high blood pressure, and dizziness. R. 20. The Social Security Administration denied Plaintiff's application and her request for reconsideration. R. 40-50. Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"),

which was held on April 15, 2003. R. 203-33. The ALJ heard testimony from Plaintiff, who was represented by counsel, as well from her sister. Id. On October 8, 2003, the ALJ issued an unfavorable decision. R. 16-28.

Applying the five-step sequential process required by 20 C.F.R. §§ 404.1520 and 416.920, the ALJ found:

1.    The claimant has not engaged in substantial gainful activity since the alleged onset of disability.

2.    The claimant has cerebrovascular disease and hypertension, which constitute impairments considered "severe" based on the requirements in the Regulations, 20 CFR §§ 404.1520(b) and 416.920(b).

3.    These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.

4.    The claimant is unable to perform any of her past relevant work (20 CFR §§ 404.1565 and 416.965) but retains the functional residual capacity ("RFC") to perform the full range of sedentary work.[1]

5.    Based on the claimant's age, education, work experience, and RFC, Medical-Vocational Rule 201.19 directs a finding "not disabled."

R. 23-27.

Following the ALJ's decision, Plaintiff sought review by the Appeals Council ("AC"). R. 15. The AC declined review, making the ALJ's decision the final decision of the Commissioner. R. 5. Plaintiff then timely filed this civil action in the United States

---

[1]20 C.F.R. §§ 404.1567(a) and 416.965(a) provide:

(a) Sedentary work. Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

District Court for the Southern District of Georgia requesting a reversal of the adverse decision.

## II. STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, Richardson v. Perales, 402 U.S. 389, 390 (1971); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); and (2) whether the Commissioner applied the correct legal standards. Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986). When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's. Cornelius, 936 F.2d at 1145. Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. Id. Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary

3

evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to her conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

### III. DISCUSSION

Plaintiff contends that: (1) the ALJ erred in not finding that Plaintiff had met the Impairment Listings for Affective Disorders, Listings 12.03 or 12.04; (2) the ALJ should have obtained testimony from a Vocational Expert ("VE"), rather than relying solely upon Medical-Vocational Rule 201.19; (3) the ALJ erred by failing to obtain a consultative psychiatric examination and an intelligence quotient ("IQ") test; and (4) the ALJ erred in discrediting Plaintiff's subjective testimony. Pl.'s Br., pp. 4-10. The Court resolves the matters as follows.

### A.    Plaintiff's Mental Impairments

First, the Court addresses Plaintiff's claims of disability arising from her psychological problems. Interestingly, although Plaintiff couches her argument in terms of Listings 12.03 and 12.04, the ALJ did not deem Plaintiff's psychological problems to be a severe impairment. R. 25. Because the ALJ reached this conclusion at step two of the sequential evaluation process, he did not go on to consider whether Plaintiff satisfied any of

4

the Listings. <u>See</u> <u>Davis v. Shalala</u>, 985 F.2d 528, 532 (11th Cir. 1993)(at step three of the sequential evaluation process, ALJ must determine whether a claimant meets or equals a disability described in the Listing of Impairments). Accordingly, rather than assessing whether Plaintiff's mental impairments meet any Listing, the Court will evaluate the ALJ's finding that Plaintiff's mental impairments are non-severe.

A severe impairment is one which significantly limits one's ability to perform "basic work activities." 20 C.F.R. § 404.1521(a)("Non-severe impairment(s). An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities."). Basic work activities involve "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1521(b). Examples include:

> (1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling;
> (2) Capacities for seeing, hearing, and speaking;
> (3) Understanding, carrying out, and remembering simple instructions;
> (4) Use of judgment;
> (5) Responding appropriately to supervision, co-workers and usual work situations; and
> (6) Dealing with changes in a routine work setting.

<u>Id.</u>

Thus, in order to show a severe impairment, Plaintiff bears the burden of demonstrating that her mental illness significantly affects her ability to perform basic work activities. <u>See</u> <u>McDaniel v. Bowen</u>, 800 F.2d 1026, 1031 (11th Cir. 1986); <u>Brady v. Heckler</u>, 724 F.2d 914, 920 (11th Cir. 1984)(*per curiam*). At the second step of the sequential evaluation process,

> If you do not have any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities, we will find that you do not have a severe impairment and are, therefore, not disabled. We will not consider your age,

5

education, and work experience.

20 C.F.R. § 404.1520(c). However, the severity test at step two of the sequential process is designed to screen out only clearly groundless claims. Stratton v. Bowen, 827 F.2d 1447, 1452 (11th Cir. 1987) (citing Baeder v. Heckler, 768 F.2d 547, 551 (3d Cir. 1985) for the proposition that the severity test has been described "as a de minimis requirement which only screens out those applicants whose medical problems could 'not possibly' prevent them from working").

In fact, the Eleventh Circuit describes step-two as the "slight abnormality" test. Bridges v. Bowen, 815 F.2d 622, 625 (11th Cir. 1987) (*per curiam*) (citing Brady, 724 F.2d 914). Under this test,

> [A]n impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience.

Id. As the Eleventh Circuit has explained, "[s]tep two is a threshold inquiry" and "allows only claims based on the most trivial impairments to be rejected." McDaniel, 800 F.2d at 1031. The claimant's burden is "mild," id., and "the claimant need only show that an abnormality's effect is not so minimal that it would not interfere with [her] ability to work irrespective of age, education, or work experience." Cantrell v. Bowen, 804 F.2d 1571, 1573 (11th Cir. 1986) (*per curiam*).

Bearing these principles in mind, the ALJ's finding is surprising at first blush. As the ALJ noted, in July 2002, Plaintiff was diagnosed with "major depressive disorder" with severe psychosis and given a Global Assessment of Functioning ("GAF") score of 40, which is "indicative of a major impairment in functioning." R. 22. Nonetheless, the ALJ also noted

6

that by August 21, 2002 (less than two months later), Plaintiff had shown marked improvement and was given a GAF score of 60, a score "indicative of only a moderate impairment of functioning." Id. By November 2002, Plaintiff's psychiatrist, Dr. Herbert Smith, reported that her depression was "controlled by medication." Id. However, in December 2002, Plaintiff reported "hearing voices" and being unable to buy her medications; nevertheless, according to Dr. Smith, Plaintiff's GAF score remained 60, and she retained sufficient memory, judgment, and intellectual functioning to carry out "day-to-day activities." Id.

Based on Plaintiff's rapid and sustained improvement (despite her apparent inability to continue taking her medications), the ALJ's conclusion that Plaintiff's depression did not constitute a severe impairment is supported by substantial evidence. As explained above, in order to show a severe impairment, Plaintiff bears the burden of demonstrating that her mental illness significantly affects her ability to perform basic work activities. Here, Plaintiff's improved GAF scores belie any contention that her depression constitutes a severe impairment--much less that she satisfies a Listing.

As the ALJ correctly noted, Plaintiff's GAF scores of 60 in August and December 2002 are not consistent with her claims of persistent, severe psychological impairment. Although Plaintiff's GAF scores of 60 are suggestive of some mental impairment, courts have held that significantly lower GAF scores are not indicative of severe impairment. See Henson v. Barnhart, 373 F. Supp.2d 674, 681-83 (E.D. Tex. 2005) (diagnosis of "major depression" and GAF score of 50 did not preclude ALJ from finding no severe impairment); Deford v. Barnhart, 347 F. Supp.2d 1174, 1180-81 (M.D. Ala. 2004) (GAF of 50 not suggestive of severe mental impairment). Also, as the Commissioner correctly notes, a

7

psychological impairment is not probative of disability unless it has lasted or may be "expected to last for a continuous period of at least 12 months." Comm'r's Br., p. 9 (citing 20 C.F.R. Pt. 404, Subpt. B, App. 1, § 12.00).

Consequently, the Court also rejects Plaintiff's argument that the ALJ should have obtained a consultative psychiatric examination. The absence of evidence in the record showing a persistent, severe mental impairment is not due to any fault of the ALJ, and absent any showing that additional evidence was needed to render a decision based upon substantial evidence, the Court will not penalize the Commissioner for Plaintiff's failure to produce relevant evidence. See Ellison v. Barnhart, 355 F.3d 1272, 1276 (11th Cir. 2003) ("It is well-established that the ALJ has a basic duty to develop a full and fair record. Nevertheless, the claimant bears the burden of proving that he is disabled, and, consequently, he is responsible for producing evidence in support of [her] claim." (citations and quotations omitted)).

Similarly, the Court also rejects Plaintiff's argument that the ALJ should have obtained an IQ test. To begin, as the Court has already noted, it is Plaintiff's duty to provide evidence of disability. 20 C.F.R. §§ 404.1512(a) & 416.912(a). At any rate, as the ALJ noted, Dr. Smith observed that Plaintiff had "average" intellectual functioning, "with good judgment and insight." R. 22, 169. At no point did Dr. Smith diagnose Plaintiff with any developmental disorders or provide any indication that Plaintiff might be mentally retarded. Also of note, on November 20, 2001, Dr. Michelle Mason-Woodard, one of Plaintiff's treating physicians, opined, "[Plaintiff] is not to have any prolonged standing or lifting over 20 pounds[,] and no other physicial/mental restriction [is] required." R. 135; see also R. 21. Although Plaintiff has only an eighth-grade education, R. 20, there is simply no indication

8

in the record of mental retardation rendering Plaintiff disabled.[2] See, e.g., R. 75. Rather,

Plaintiff's limited education is a vocational factor accounted for in Medical-Vocational Rule

201.19, see 20 C.F.R. Subpt. P, App. 2, Tbl. No. 1, R. 201.19, and discussed in the ALJ's

opinion. See R. 27 (citing 20 C.F.R. §§ 404.1564 & 416.964). Regardless, Plaintiff's

purported mental retardation did not prevent her from working prior to the alleged onset of

disability. R. 20. Simply put, Plaintiff has provided no basis from which to conclude that

an IQ test would have been of material assistance in assessing her claims of disability. See

McCray v. Massanari, 175 F. Supp.2d 1329, 1339 (M.D. Ala. 2001).

## B.    Plaintiff's Physical Impairments

Next, the Court addresses Plaintiff's arguments that the ALJ erred in discrediting her

testimony and in not obtaining VE testimony. At bottom, these arguments are attempts to

undermine the ALJ's RFC finding that Plaintiff could perform the full range of sedentary

work.[3] Unfortunately for Plaintiff, the ALJ's RFC finding is amply supported by the record.

First, the ALJ's opinion comports with Dr. Mason-Woodard's November 2001 opinion,

---

[2]Of note, during the hearing Plaintiff testified that she was able to take and complete a written test in order to obtain a driver's license. See R. 213-14.

[3]Once the ALJ properly determines that a claimant may perform the full range of work at a given exertional level, he does not need to obtain VE testimony. See Phillips v. Barnhart, 357 F.3d 1232, 1242-43 (11th Cir. 2004); Wolfe v Chater, 86 F.3d 1072, 1077 (11th Cir. 1996). In the Eleventh Circuit, when nonexertional impairments are at issue in a case where the ALJ must determine that a claimant can perform work which exists in the national economy, expert testimony is ordinarily required--unless the claimant can perform unlimited types of work. See Allen v. Sullivan, 880 F.2d 1200, 1202 (11th Cir. 1989). When a claimant can perform unlimited types of work within a given exertional range, the Medical-Vocational Guidelines may apply without the need for expert testimony to show that a claimant can perform work which exists in the national economy. See id.; but see MacGregor v. Bowen, 786 F.2d 1050, 1054 (11th Cir. 1986) (preferring testimony of an expert that a claimant can perform a specific job when allegations of nonexertional impairments have been made). As discussed infra, the ALJ's finding that Plaintiff could perform the full range of sedentary work is supported by substantial evidence. Therefore, the ALJ's decision to forgo VE testimony was not erroneous.

quoted *supra*. Similarly, Plaintiff's other treating physician, Dr. Robert J. Williams, opined on May 13, 2003 that Plaintiff was able to perform sedentary work.[4] See R. 202. Simply put, the ALJ properly relied upon the opinions of Plaintiff's own treating physicians in reaching his RFC finding. See R. 25. In fact, the ALJ was obliged to give these opinions substantial weight absent good cause to the contrary. Hillsman v. Bowen, 804 F.2d 1179, 1181 (11th Cir. 1986) (*per curiam*); Schnorr v. Bowen, 816 F.2d 578, 581 (11th Cir. 1987).

Finally, the Court assesses the ALJ's decision to partially discredit the subjective testimony of Plaintiff and her sister. The Eleventh Circuit has established a three-pronged test for evaluating a claimant's complaints of pain and other subjective symptoms. See Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991) (*per curiam*). Under the Eleventh Circuit's standard, Plaintiff must show: (1) evidence of an underlying medical condition, and either (2) objective medical evidence that confirms the severity of the alleged symptoms or the restriction arising therefrom, or (3) that the objectively determined medical condition is such that it can reasonably be expected to give rise to the claimed restriction. Id. When discrediting a claimant's subjective allegations of disabling symptoms, the ALJ must articulate "explicit and adequate" reasons for doing so, or "the implication must be so clear as to amount to a specific credibility finding." Foote v. Chater, 67 F.3d 1553, 1561-62 (11th

---

[4]The Court is aware that Plaintiff faults the ALJ for disregarding an August 1, 2002 letter from Dr. Williams stating that Plaintiff is "totally disabled." Pl.'s Br., p. 6. Nevertheless, as Plaintiff admits, this letter is plainly contradicted by Dr. Williams's May 2003 opinion, which explicitly states that Plaintiff is capable of sedentary work and posits no additional limitations. Id.; see also R. 202. Furthermore, a treating physician's opinion may be properly discounted if it is unsupported by objective medical evidence, is merely conclusory, or is inconsistent with the physician's medical records. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997); Edwards v. Sullivan, 937 F.2d 580, 583-84 (11th Cir. 1991). Here, the ALJ properly concluded that, in light of Dr. Williams's own treatment records and his May 2003 opinion, Dr. Williams's inexplicable August 2002 letter is not entitled to substantial weight. See R. 25.

Cir. 1995) (*per curiam*).

"Credibility determinations are, of course, for the [Commissioner], not the courts." Ryan v. Heckler, 762 F.2d 939, 942 (11th Cir. 1985). In the instant case, considering the ALJ's explicit reliance upon the opinions of Plaintiff's own treating physicians, Plaintiff's argument that she "is the best source of her own limitations" is unpersuasive. Pl.'s Br., p. 9. Plaintiff chiefly argues that the ALJ ignored testimony regarding her depression and mental impairments. However, as already discussed, the ALJ properly concluded that there is no medical evidence of severe mental impairment. Plaintiff also argues that the ALJ failed to consider testimony from Plaintiff and her sister regarding the side effects of her medications. Id. at 10. However, at the administrative hearing, Plaintiff testified that her medications did not have significant side effects. See R. 224.

In sum, the ALJ's opinion is supported by substantial evidence and should not be disturbed.

## IV.  CONCLUSION

Accordingly, the Court **REPORTS** and **RECOMMENDS** that the Commissioner's final decision be **AFFIRMED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of the Commissioner.

SO REPORTED and RECOMMENDED this 3rd day of August, 2006, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

11